UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARTIN L. TEXADA (#399229)                                     CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                                       NO. 15-756-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 4, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARTIN L. TEXADA (#399229)**                                **CIVIL ACTION**

**VERSUS**

**JAMES M. LEBLANC, ET AL.**                                   **NO. 15-756-JJB-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the defendants' Motion to Dismiss (R. Doc. 9). This motion is opposed. *See* R. Doc. 16.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, former Warden Burl Cain, Assistant Warden Leslie Dupont, and Assistant Warden Chad Menzina alleging that is constitutional rights were violated when he was subjected to excessive heat while housed at Camp D. The plaintiff seeks monetary, declaratory, and injunctive relief.

The defendants first seek dismissal on jurisdictional grounds, presumably pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is

treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's § 1983 claims asserted against defendants in their official capacities for monetary damages are subject to dismissal. In contrast, the plaintiff's § 1983 claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29.

Turning to the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury.

The only injury the plaintiff alleges to have suffered is an exacerbation of his unspecified pre-existing conditions. The plaintiff has included no further details in his Complaint in this regard. Accordingly, this aspect of the plaintiff's claim should be rejected. Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery. In this regard, the defendants, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, assert that the plaintiff has failed to state a claim upon which relief may be granted.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint the plaintiff alleges the following:  The plaintiff was confined to a 6 x 8 cell for 23 hours per day on a tier where the windows are broken and can only be opened and closed twice annually, and where there are only 4 stationary wall-mounted fans, resulting in

"dead zones" where no air is circulating.  As a result, the plaintiff has been subjected to 100 degree temperatures resulting in the exacerbation of his unspecified pre-existing conditions.

In response to the plaintiff's allegations, the defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims.  Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's federal constitutional or statutory rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012).  As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights.  *Id.* at 201.  Second, the district court looks to whether the rights allegedly violated were clearly established.  *Id.*  This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition.  *Id*.  The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted.  *Id*.

The plaintiff's claim in this case is that he was subjected to unconstitutional conditions of confinement sometime prior to the filing of an ARP in November of 2014.  This claim arises under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, including the unnecessary and wanton infliction of pain.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)*, citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane

conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter*, *supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan, supra*, 511 at 837. Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.* While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter, supra*, 501 U.S. at 305. Further, conclusory allegations are not sufficient, and a

plaintiff must present facts to support what are otherwise broad and conclusory allegations of wrongdoing.  *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

This Court has previously addressed similar allegations made by the plaintiff regarding his alleged exposure to excessive heat while housed at Camp J, and has found the allegations to be sufficient to state a claim upon which relief can be granted.  *See Texada v. LeBlanc, et al.,* 14-596-JJB-EWD (finding that allegations of confinement to a cell in 100 degree temperature with little ventilation and no fan or air flow are sufficient to state a claim upon which relief may be granted).[1]  Although the Report and Recommendation adopted by the district judge was not drafted by the undersigned, it is noted that the allegations in the instant case are almost indistinguishable.  In the instant matter, although conclusory in nature, plaintiff has alleged that the excessive heat has caused exacerbation of certain pre-existing medical conditions.  Accordingly, the plaintiff's similar allegations regarding his exposure to excessive heat while housed at Camp D are sufficient to state a claim upon which relief may be granted, and the defendants' Motion should be denied in this regard.

The Court also finds that the plaintiff has, at this stage, alleged sufficient personal involvement on the part of the named defendants.  In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.  *See*

---

[1] Summary Judgment was later rendered in favor of the defendants after the plaintiff failed to present sufficient evidence in support of his claims.

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith*, *supra*, 718 F.2d at 768.

In the present matter, the plaintiff asserts that it is the practice of prison officials to subject the inmates at LSP to 100 degree heat in buildings with little ventilation, and no airflow. The plaintiff further asserts that the defendants are all aware of this practice, particularly in light of this Court's ruling in *Ball* v. *LeBlanc*, 13-368-BAJ-SCR, and the evidence presented therein. Accordingly, the defendants' Motion should be denied in this regard.

Finally, to the extent that the plaintiff is asserting a complaint on behalf of other inmates, this claim is not properly before the Court.  A *pro se* litigant does not have standing to assert the civil rights of third parties injured by the defendants' alleged unlawful conduct.  *See Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir.1986).

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the defendants' Motion to Dismiss (R. Doc. 9) be granted in part, and the plaintiff's claims for monetary damages asserted against the defendants in their official capacities, the plaintiff's claim for compensatory damages asserted against the defendants in their individual capacities, and any claim the plaintiff may be

asserting on behalf of other inmates be dismissed.  It is further recommended that, in all other regards, the defendants' Motion (R. Doc. 9) be denied.

      Signed in Baton Rouge, Louisiana, on October 4, 2016.

                                   **RICHARD L. BOURGEOIS, JR.**
                                   **UNITED STATES MAGISTRATE JUDGE**