# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MARTIN L. TEXADA (#399229)**                **CIVIL ACTION**

**VERSUS**

**JAMES M. LEBLANC, ET AL.**                **NO. 15-756-JJB-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 20, 2017.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARTIN L. TEXADA (#399229)                                   CIVIL ACTION

VERSUS

JAMES M. LEBLANC, ET AL.                                     NO. 15-756-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff and the defendants' cross Motions for Summary Judgment (R. Docs. 28 and 29). These Motion are opposed. *See* R. Docs. 30 and 31.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, former Warden Burl Cain, Ass't Warden Leslie Dupont, and Ass't Warden Chad Menzina, complaining that the defendants violated his constitutional rights through exposure to excessive heat.

The plaintiff's claims for monetary damages asserted against the defendants in their official capacities, the plaintiff's claim for compensatory damages asserted against the defendants in their individual capacities, and any claim the plaintiff may have been asserting on behalf of other inmates have been previously dismissed. *See* R. Docs. 17 and 18.

The plaintiff moves for summary judgment relying upon the pleadings, a statement of undisputed facts, and his own Declaration. The defendants oppose the plaintiff's Motion relying upon the pleadings, and the affidavits of Randall Robertson, Dr. Randy Lavespere, Larry Phillips, and the plaintiff's medical records.

The defendants move for summary judgment relying upon the pleadings, a statement of undisputed facts, the Affidavits of Randall Robertson, Dr. Randy Lavespere, and Larry Phillips,

the plaintiff's medical records, and the DOC Heat Pathology Policy. The plaintiff opposes the defendants' Motion relying upon the pleadings and his own Affidavit.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the

Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint the plaintiff alleges the following: The plaintiff was confined to a 6 x 8 cell for 23 hours per day on a tier where the windows are broken and can only be opened and closed twice annually, and where there are only 4 stationary wall-mounted fans, resulting in "dead zones" where no air is circulating. As a result, the plaintiff has been subjected to 100 degree temperatures resulting in the exacerbation of his unspecified pre-existing conditions.

In response to the plaintiff's Complaint, the defendants assert that they are entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendants contend that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to their participation in any violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established at the time that the violation occurred. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense

alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[1]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' Motion should be granted. The plaintiff's claim of exposure to excessive heat arises under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, including the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994), *citing Wilson v. Seiter, supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials

---

[1] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan, supra*, 511 at 837. Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.* While some conditions of confinement may establish an Eighth Amendment violation "in combination," when each would not do so alone, this will occur only when those conditions have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists. *Wilson v. Seiter, supra*, 501 U.S. at 305. Further, conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group*, 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

Applying the foregoing standard, the Court finds that the plaintiff has failed to make a showing sufficient to defeat the defendants' assertion of qualified immunity in this case. In the first place, the plaintiff's Complaint is unsworn and is not properly before the Court for consideration in connection with the defendants' Motion for Summary Judgment. A verified complaint may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56 of the Federal Rules of Civil Procedure. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). 28 U.S.C. § 1746 provides for

verification of an unsworn complaint when a plaintiff declares under penalty of perjury that the factual allegations contained therein are true and correct.² When a complaint is so verified, the plaintiff faces the possibility of criminal prosecution for perjury if it is shown that he willfully or knowingly made material misrepresentations. *See* 28 U.S.C. §§ 1621, 1623. In turn, when a complaint is executed in the form prescribed by 28 U.S.C. § 1746, the factual allegations of the plaintiff's complaint are transformed from "mere allegations" to "specific facts" as if set forth in an affidavit. *See Searcy v. Cooper*, 2002 WL 535058, *3 (N.D. TX 2009). The plaintiff's Complaint (R. Doc. 1) does not contain the statements required by 28 U.S.C. § 1746 which would allow the Court to consider the Complaint as competent summary judgment evidence.

Second, the plaintiff has presented limited evidence in response to the defendants' Motion, in the form of an affidavit, which does not contain the statements required by 28 U.S.C. § 1746 which would allow the Court to consider the affidavit as competent summary judgment evidence. In fact, the purported affidavit is not even signed by the plaintiff. Additionally, the purported affidavit consists entirely of conclusory self-serving statements which allege that the affidavits of Randall Robertson, Larry Phillips, and Dr. Randy Lavespere are misleading and suggests that the temperature logs were falsified.

In contrast, the defendants have presented evidence as to the following: At no time in the complained of period did the temperature exceed 92 degrees in the plaintiff's living area in the Hawk unit. The Hawk unit is equipped with three to four fans which blow air into the cells that is circulated through a vent in the plaintiff's cell, and out through an exhaust fan. Routine

---

² 28 U.S.C. § 1746 provides, "Wherever, … under any rule, … made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the … affidavit, in writing of the person making the same …, such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
(1) … "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)."

inspections of the ventilation system are performed regularly, and no problems with the system occurred from 2014 to January of 2017. Additionally, the plaintiff had access to drinking water, ice and showers. The plaintiff did not make any complaints regarding excessive heat to the Camp D staff or medical staff, and the plaintiff did not seek medical attention for any heat-related complaints. As discussed hereafter, the evidence in the record constitutes a showing that the defendants acted in an objectively reasonable manner in addressing the conditions faced by the plaintiff, and that they were not subjectively deliberately indifferent to a known risk of serious danger to his health or well-being.

Although exposure to extreme heat is actionable under certain circumstances, the plaintiff's allegations in this case fall short of what is required to establish a constitutional violation, particularly in the absence of any evidence of harm or medical complication. For example, in *Johnson v. Texas Board of Criminal Justice*, 281 F. App'x. 319 (5th Cir. 2008), the United States Court of Appeal for the Fifth Circuit upheld a dismissal, as frivolous, of an inmate plaintiff's claims, finding that his allegations regarding extreme heat were "not sufficient to state a constitutional claim" because although he alleged that temperatures were "sometimes uncomfortably hot, he did not allege that he suffered from any heat-related injuries despite being subjected to these conditions numerous times." *Id.* at 321. *See also Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995) (upholding summary judgment in favor of the defendants where the inmate plaintiff alleged that excessive heat at Camp J at LSP aggravated his medical condition but where he "failed to present medical evidence of any significance" to support that assertion); *Ventry v. Gusman*, 2012 WL 1405862, *7 (E.D. La. March 29, 2012) (dismissing as frivolous an inmate's claim regarding uncomfortably hot conditions of confinement where his allegations "[fell] short of what is required to establish a constitutional violation" and where his claim

regarding the aggravation of his medical condition was "speculative at best"); *Clark v. Gusman*, 2012 WL 1825306, *6 (E.D. La. March 29, 2012) (same). Similarly, it has been held that purely conclusory allegations of excessive heat and inadequate ventilation, without more, fail to implicate a federal constitutional right. *See Johnson v. Thaler*, 1999 WL 1131941, *1 (5th Cir. Nov. 12, 1999) (concluding that the inmate plaintiffs' conclusory "allegations of inadequate ventilation and excessive heat do not entitle them to relief under 42 U.S.C. § 1983"); *Parker v. Smith*, 1994 WL 198944, *2 (5th Cir. May 6, 1994) (upholding the frivolous dismissal of a plaintiff's claim that "the ventilation system in the Smith County jail [was] inadequate").

In contrast, where sufficient evidence has been presented regarding a serious potential risk of injury to inmates' health resulting from excessive heat, injunctive relief has been found to be warranted, for example in the form of "fans, ice water, and daily showers when the heat index is 90 degrees or above." *Gates v. Cook*, 376 F.3d 323, 339 (5th Cir. 2004) (upholding a grant of injunctive relief to death row inmates at a Mississippi prison where the inmates were not "afforded extra showers, ice water, or [personal] fans ... when the heat index [was] 90 or above"); *Ball v. LeBlanc*, 988 F. Supp. 2d 639, 662 (M.D. La. 2013)[3] (granting injunctive relief to death row inmates confined at LSP and directing that a plan be formulated "to reduce and maintain the heat index in the Angola death row tiers at or below 88 degrees Fahrenheit"). *See also Blackmon v. Garza*, 484 F. App'x. 866, 870-72 (5th Cir. 2012) (reversing the grant of judgment as a matter of law in favor of the defendants at the close of the plaintiff's case at trial

---

[3] *Ball v. LeBlanc*, 988 F. Supp. 2d 639, 662 (M.D. La. 2013) was affirmed in part, and vacated and remanded in part, by the Court of Appeals in *Ball v. Leblanc,* 792 F.3d 584 (5th Cir. 2015). The Court of Appeals determined that the District Court did not err in its findings that the heat in death-row cells posed a substantial risk of serious harm to inmates; that prison officials were deliberately indifferent to the risk posed to death-row inmates by heat in prison cells; and that housing of death-row inmates in very hot prison cells without sufficient access to heat relief measures violated the Eighth Amendment. Accordingly, the District Court's resolution of the plaintiff's Eighth Amendment claims was affirmed. The District Court's decision was vacated and remanded only with regards to the scope of the injunctive relief granted, and was instructed to, on remand, craft relief more closely aligned with the narrow relief granted in *Gates v. Cook,* 376 F.3d 323 (5th Cir. 2004), and consistent with the PLRA.

upon a finding that the plaintiff's evidence, regarding heat indices, ineffective remedial measures, and aggravation of the plaintiff's medical condition, was potentially sufficient to support a verdict in his favor); *Valigura v. Mendoza*, 265 F. App'x. 232, 235-36 (5th Cir. 2008) (upholding the denial of a motion for summary judgment based upon qualified immunity where the plaintiff "present[ed] evidence" to support a potential Eighth Amendment violation in combination, including evidence that he was confined to a bunk for 24 hours a day for numerous consecutive days, was not allowed "to stretch his legs or get a drink of water," was not allowed daily showers, and was subjected to temperatures "above the eighties and into the hundreds"). As specifically noted in *Gates v. Cook* and *Ball v. LeBlanc, supra,* the evidentiary basis presented in support of the plaintiffs' claims in those cases made their claims for injunctive relief distinguishable from, for example, the claim faced by the Fifth Circuit in *Woods v. Edwards, supra*, where the Court upheld the dismissal of a plaintiff's claim of excessive heat at LSP but where the plaintiff "had not presented medical evidence sufficient to state an Eighth Amendment violation" and had not presented evidence regarding "temperature data for his lockdown cell." *See Gates v. Cook, supra*, 376 F.3d at 339; *Ball v. LeBlanc, supra*, 988 F. Supp. 2d at 663-64.

In the instant case, the defendants have presented competent evidence showing that the plaintiff had unlimited access to drinking water, ice with meals and upon request, and daily showers. These remedial measures – water, ice and showers – are similar to those found to be warranted and sufficient to ameliorate the adverse conditions faced by inmates in *Gates v. Cook, supra*. Finally, the defendants have produced evidence reflecting that during the complained of period, the air temperature in the Hawk unit never exceeded 92 degrees. Additionally, there is nothing in the record suggesting that the plaintiff sought medical attention for heat-related complaints or suffered a heat related injury during the pertinent time period.

There is nothing before the Court which tends to dispute the defendants' assertions regarding (1) reasonable measures taken to combat potentially excessive heat in the plaintiff's living area including drinking water, ice and showers, and (2) the absence of any known heat-related medical complications suffered by the plaintiff during the complained of period. Accordingly, the plaintiff has failed in this case to meet his burden in addressing the defendants' assertion of qualified immunity and in opposing their assertion that they acted reasonably in response to the conditions alleged to exist in the plaintiff's observation cell. On the record before the Court, therefore, the defendants' motion is well-taken, and the Court concludes that they are entitled to summary judgment as a matter of law in connection with the claims asserted in this proceeding.

## RECOMMENDATION

It is recommended that the plaintiff's motion for summary judgment (R. Doc. 29) be denied and that the defendants' motion for summary judgment (R. Doc. 28) be granted, dismissing the plaintiff's claims asserted against the defendants, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on December 20, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**